UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CARLYNE DESIR,**

    **Plaintiff,**

v.                                          **Case No: 8:22-cv-1991-MSS-NHA**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

    **Defendant.**

_____

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendant Experian Information Solutions, Inc.'s Motion to Dismiss. (Dkt. 21) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **ORDERS** as follows.

**I.    BACKGROUND**

*Pro se* Plaintiff Carlyne Desir brought this action against Experian Information Solutions, Inc. ("Experian") and Equifax Information Services, LLC ("Equifax")[1] in state court for alleged violations of the Fair Credit Reporting Act ("FCRA"), defamation, negligence, and "willful noncompliance with the law." (Dkt. 1-1) Defendant Experian removed the matter to federal court, (Dkt. 1), then moved to

---

[1] Plaintiff voluntarily dismissed Defendant Equifax Information Services, LLC, with prejudice. (Dkts. 9, 10)

dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). (Dkt. 6) This Court granted Defendant Experian's Motion to Dismiss without prejudice. (Dkt. 16) This Court directed Plaintiff to file an amended complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure and the shotgun pleading rule. (Dkt. 16 at 5)

Plaintiff filed an Amended Complaint. (Dkt. 18) In the Amended Complaint, Plaintiff alleges that Defendant Experian reported an unverified, fraudulent PETAL account on her consumer credit report. (Id. at 6) She alleges she demanded the information be deleted from her credit report because she had been the victim of identity theft. (Id. at 5) Plaintiff asserts that despite her demand, Experian failed to properly resolve the dispute. (Id.) She alleges she suffered actual damages from the inclusion of the inaccurate information, including a denial of a personal loan and an inability to obtain approval for a mortgage. (Id.) She also alleges she and her family suffered mental and emotional distress. (Id.) The Amended Complaint asserts five counts: violations of the FCRA, aggravated identity theft and identity theft, defamation of character, racketeering and conspiracy, and violations of the Privacy Act and the Gramm-Leach-Bliley Act.[2] (Id. at 5–9) Experian has moved to dismiss the Amended Complaint, arguing (i) it is a shotgun pleading that fails to comply with the pleading requirements established by Federal Rules of Civil Procedure 8 and 10, and (ii) it fails to plead any claims on which relief can be granted. (Dkt. 21)

---

[2] Counts I and IV both assert violations of the FCRA, so the Court treats them together as one count.

2

## II.   LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also id. at 560–562 (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 553–556). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States,

148 F.3d 1262, 1263 (11th Cir. 1998). However, court cannot serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading to sustain an action. <u>Boles v. Riva</u>, No. 13-CV-2059-T-33, 2013 WL 6388582, at *2 (M.D. Fla. Dec. 6, 2013).

### III. DISCUSSION

#### a. Counts I, II, III, and VI: Violations of the FCRA

Under Counts I, II, III, and VI, Plaintiff states claims under 15 U.S.C. §§ 1681i(a)(1)(A), 1681c-2(a), 1681h(e), 1681n, and 1681o. In the Amended Complaint, Plaintiff alleges she notified Defendant Experian information on her credit report was inaccurate because she had been the victim of identity theft. (Dkt. 18 at 5) She alleges Defendant Experian failed to respond or conduct a reasonable investigation, and Defendant Experian failed to resolve the dispute. (<u>Id.</u> at 5)

Plaintiff alleges sufficient facts under these Counts of the Amended Complaint to state plausible claims for relief. A complaint does not need detailed factual allegations as long as the plaintiff provides the grounds for her entitlement to relief. <u>See Berry</u>, 497 F. Supp. 2d at 1364. The Amended Complaint sufficiently outlines the provisions of the FCRA which entitle Plaintiff to relief if the factual allegations contained therein are true. Defendant Experian's Motion to Dismiss is **DENIED** as to Counts I, II, III, and VI.

However, in Count II, Plaintiff attempts to state a claim under 18 U.S.C. § 1028A. (Dkt. 18 at 7) Section 1028A is a criminal statute; therefore, Plaintiff cannot

4

bring a claim under that provision. Accordingly, the allegation of the Amended Complaint purporting to state a claim under 18 U.S.C. § 1028A are stricken.

### b. Count IV: Racketeering and Conspiracy

Plaintiff asserts Defendant Experian engaged in racketeering and conspiracy. In its entirety, Count IV states,

> Experian fraud, Conspiracy and Racketeering organized crime on [Plaintiff] in which by and through agents Experian perpetrators set up a coercive, fraudulent, extortionary and illegal coordinated scheme operation for other companies to collect money from [Plaintiff]. Experian and other companies secret plan to unlawful, harmful extort money from [Plaintiff] through Conspiracy, coercion and intentional act of fraud.

(Dkt. 18 at 8) A plaintiff must plead facts which state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570. Plaintiff alleges no facts to state a plausible claim that Defendant Experian has engaged in "racketeering activity" as defined by 18 U.S.C. § 1961. Accordingly, Count IV must be dismissed.

### c. Count V: Violations of the Privacy Act and the Gramm-Leach-Bliley Act

Finally, Plaintiff asserts Defendant Experian violated the Privacy Act and the Gramm-Leach-Bliley Act. The Privacy Act governs federal agencies' maintenance and disclosure of records pertaining to individuals. 5 U.S.C. § 552a. Plaintiff has not made a showing that Defendant Experian is a government agency bound by the provisions of the Privacy Act. Similarly, the Gramm-Leach-Bliley Act regulates financial institutions' disclosure of consumers' and customers' nonpublic personal information to third parties with which the financial institution is not affiliated. 15 U.S.C. § 6809.

Plaintiff has not asserted that Defendant Experian is a financial institution regulated by the Gramm-Leach-Bliley Act. For these reasons, Plaintiff fails to state a claim under either statute. Count V of the Amended Complaint is due to be dismissed.

## IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant Experian Information Solutions, Inc.'s Motion to Dismiss, (Dkt. 21), is **DENIED as to Counts I, II, III, and VI**.

2. Defendant Experian Information Solutions, Inc.'s Motion to Dismiss (Dkt. 21), is **GRANTED as to Counts IV and V**.

3. Any reference to 18 U.S.C. § 1028A in the Amended Complaint, (Dkt. 18), is **STRICKEN**.

4. Defendant Experian is **ORDERED** to file an answer to the Amended Complaint within fourteen (14) days of the date of this Order.

**DONE and ORDERED** in Tampa, Florida this 14th day of February 2024.

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE